IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL S. COOPER, and                          :
CHRISTINE L. COOPER t/d/b/a
SOUTH HANOVER AUTOMOTIVE LLC,    :
    Plaintiffs
                                              :
    vs.                                                          CIVIL NO. 1:CV-11-0862
                                              :

JOHN MENGES.                                         :
JEFFREY GARVIK,
PENN TOWNSHIP,                                      :
    Defendants

*M E M O R A N D U M*

I.  *Introduction*

        Plaintiffs, Michael S. Cooper and Christine L. Cooper, t/d/b/a South Hanover Automotive LLC ("SHA"), filed a complaint against defendants, Penn Township; John Menges, a Penn Township zoning officer; and Jeffrey Garvik, a Penn Township supervisor.  Plaintiffs allege that Defendants imposed onerous approval standards and procedural requirements on them when they were seeking approval to modify their SHA property because Michael Cooper exercised his First Amendment right to petition the government by complaining about treatment he received from Menges.  Plaintiffs make the following four claims: (1) a First Amendment retaliation claim; (2) a substantive due process claim; (3) a procedural due process claim; and (4) an equal protection claim.

        Defendants have filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6), arguing that Plaintiffs' complaint fails to provide any factual specificity as to their claims.

They also argue that the procedural and substantive due process claims fail on the merits.

II.  *Standard of Review*

Under Fed. R. Civ. P. 12(b)(6), we are authorized to dismiss a complaint for "failure to state a claim upon which relieve can be granted."  In evaluating the complaint, we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  *Byers v. Intuit, Inc.*, 600 F.3d 286, 291 (3d Cir. 2010).  In addition, we may "draw all reasonable inferences in favor of the non-moving party."  *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).

While a complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570, 127 S.Ct. 1955 at 1974, 167 L.Ed.2d 929.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, __ U.S. __, __, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965).  Hence, "'threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)(quoting *Iqbal*, 129 S.Ct. at 1949).

III.  *Background*

Plaintiffs allege as follows.  Plaintiffs run South Hanover Automotive LLC, ("SHA"), an automotive repair service in Penn Township, Hanover, Pennsylvania. Compl. ¶ 10.  On May 5, 2009, Michael Cooper "placed a call to the Penn Township municipal building to complain about thick clouds of dust . . . blowing onto his property and business (SHA) from across the street." *Id.* ¶ 12.  Responding to the phone call, defendant Menges came to SHA on May 9, 2009,[1] and "immediately" began to "berate, attack, and threaten" Michael Cooper.  *Id.* ¶¶ 13-14, 17.  Cooper "was taken aback and was intimidated, particularly because plaintiffs had been seeking improvements to their property and were making application for permission to make the necessary changes in front of Penn Township."  *Id.* ¶ 15.  "Plaintiffs had previously begun and participated in an effort, pro se, to seek an opportunity to improve their property consistent with the same types of changes approved for other businesses near by."  *Id.* ¶ 16.  "These changes included improvements in building structures, parking services, and minor enlargements of square footage allotments to accommodate plaintiffs' successful and growing business."  *Id.*

---

[1]  The date of this visit is inferred from paragraph 17 of the complaint, which states that Michael Cooper telephoned defendant Garvik "when John Menges left . . . on May 9, 2009."

After Menges left, Michael Cooper telephoned Menges's supervisor, defendant Garvik, and "complained to Garvik that Menges had been threatening, rude, and discourteous without any reason whatsoever to behave in that manner." *Id.* ¶¶ 17-18. "Gavik's response . . . was to laugh at [Cooper] and hang up." *Id.* ¶ 19.

In the following subparagraphs, paragraph 20 sets forth Defendants' alleged misconduct:

> a. Plaintiffs were subjected to unequal and disparate treatment as compared to businesses seeking similar changes and improvements. Two examples of these businesses are "Wetzel Plumbing" and "A2Z Motorsports." These businesses sought and gained approval for the same type of changes to improve and enlarge their parking and buildings. In doing so these businesses were not required to meet the same requirements and were not harassed and subjected to more harsh and demanding unlawful mistreatment in hearings and procedures before the municipal defendant as were the plaintiffs.
>
> b. The plaintiffs were subjected to different procedural requirements in the form of additional hearings and planning requirements which were summarily wa[i]ved for other citizens seeking decisions from Penn Township government.
>
> c. The defendant Menges intentionally misled certain of the plaintiffs' vendors in an intentional effort to successfully cost plaintiffs money and time to seek and acquire approval for the same changes to their property that were granted to other citizens.
>
> d. The harassment plaintiffs received at the hands of the defendants cost the plaintiffs delays of over a year and thousands of dollars in legal and other vendor fees in vivid contrast to others similarly situated such as the businesses identified above.

>    e.  The defendant Menges intentionally lied to plaintiffs'
> vendors who had been hired to facilitate his compliance with
> Township requirements in an effort to vindictively injure the
> plaintiffs.  In some cases this vindictiveness was expressed
> in the form of customs, practices, and usages by the
> defendant Township that caused plaintiffs delays in needed
> improvements to their business and greatly exacerbated
> their cost in doing so as compared to others similarly
> situated.
>
>    f.  Plaintiffs were subjected to different procedural
> requirements and different standards of approval in the
> application of ordinances and regulations affecting their real
> estate and business.  The reason for the defendants'
> misconduct was to retaliate and injure the plaintiffs because
> Michael Cooper complained about John Menges, who along
> with the other defendants, consider themselves officials who
> have the arbitrary and capricious right to here grant, and
> there deny, the rights of applicants who come to the
> Township with lawful and proper requests to improve their
> properties and businesses.

Complaint ¶ 20(a)-(f).  Plaintiffs allege that, from May 5, 2009, onward the defendants "have cost plaintiffs over $30,000, in unnecessary costs to pursue permits etc. (plus lost business and the need for additional capital investment) . . . ." *Id.*

VI.   *Discussion*

   A.  *The Procedural and Substantive Due Process Claims*

We deal first with Defendants' substantive arguments against the procedural and substantive due process claims.

To state a claim for deprivation of procedural due process, "a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the

procedures available to him did not provide 'due process of law.'" *Hill v. Borough of Kutztown*, 455 F.3d 225, 234 (3d Cir. 2006).  Defendants move to dismiss the procedural due process claim on both of these elements, arguing that: (1) Plaintiffs have not identified an interest protected by due process, nor (2) alleged that the procedures employed violated due process.

We disagree with Defendants.  At least at this stage of the litigation, we can say the interest protected by the Fourteenth Amendment is Plaintiffs' interest in their real property.  And we think the violation of due process is based on the failure to provide an impartial decision maker.  *See Sill v. Pennsylvania State Univ.*, 462 F.2d 463, 469 (3d Cir. 1972).

Defendants move to dismiss the substantive due process claim by arguing that Plaintiffs have asserted no property interest protected by substantive due process.  We disagree.  *See Nicholas v. Pennsylvania State Univ.*, 227 F.3d 133, 141 (3d Cir. 2000)(ownership of real property is an interest protected by substantive due process).

B. *The Complaint Is Not Sufficiently Specific*

As noted above, complaints must be pled with sufficient specificity.  It is obvious that paragraph 20 of the complaint, quoted above, is entirely conclusory and must be amended if the case is to proceed.  Plaintiffs will therefore be required to file an amended complaint in compliance with the accompanying order.

                                           /s/William W. Caldwell
                                           William W. Caldwell
                                           United States District Judge

Date: October 3, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL S. COOPER, and                :
CHRISTINE L. COOPER t/d/b/a
SOUTH HANOVER AUTOMOTIVE LLC,   :
    Plaintiffs
                                       :
    vs.                                  CIVIL NO. 1:CV-11-0862
                                       :

JOHN MENGES.                          :
JEFFREY GARVIK,
PENN TOWNSHIP,                        :
    Defendants

*O R D E R*

    AND NOW, this 3rd day of October, 2011, upon consideration of

Defendants' motion (doc. 8) to dismiss under Fed. R. Civ. P. 12(b)(6), it is ordered that:

    1. Plaintiffs are granted twenty-one days from the date of this order to file an amended complaint averring sufficient facts in support of their claims, as required below. If Plaintiffs fail to do so, this action will be dismissed.

    2. In regard to subparagraph 20(a) of the complaint, Plaintiffs shall aver what changes they sought for the improvement and enlargement of their parking and buildings that were the same as the changes Wetzel Plumbing and A2Z Motorsports sought and gained approval for; what requirements these businesses did not have to meet that Plaintiffs had to; and what conduct of the defendants was harassing and subjected Plaintiffs to more harsh and demanding unlawful mistreatment in hearings and procedures before Penn Township.

    3. In regard to subparagraph 20(b), Plaintiffs shall aver the additional hearings and planning requirements they were subjected to that were summarily waived for other citizens.

   4.  In regard to subparagraph 20(c), Plaintiffs shall aver what defendant Menges did to mislead some of Plaintiffs' vendors; who the vendors were; how it cost plaintiffs money and time to seek and acquire approval for the same changes to their property that were granted to other citizens; and what the approvals and changes were, if any.

   5.  In regard to subparagraph 20(d), Plaintiffs shall aver what the harassment was and how it delayed Plaintiffs; facts showing that it caused them to incur costs that differed from businesses like Wetzel Plumbing and A2Z Motorsports; and what those costs were.

   6.  In regard to subparagraph 20(e), Plaintiffs shall aver the lie defendant Menges told Plaintiffs' vendors; identify the vendors; and allege sufficient facts to support the allegation that the defendant Township had a policy or custom that caused plaintiffs delays in needed improvements to their business and greatly exacerbated their cost in doing so compared to others similarly situated.

   7.  In regard to subparagraph 20(f), Plaintiffs shall aver facts showing the different procedural requirements and different standards of approval Plaintiffs were subjected to in the application of ordinances and regulations affecting their real estate and business.

   8.  In regard to the initial averment of paragraph 20, Plaintiffs shall allege facts identifying the "permits etc."

   9.  Plaintiffs shall aver the conduct of each defendant that makes each liable and how that conduct makes them liable on each of Plaintiffs' claims.


                                             /s/William W. Caldwell
                                            William W. Caldwell
                                            United States District Judge